# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) ) ) | |
| **Plaintiff,** ) ) | **Civil Action Number** |
| **v.** ) ) | **3:18-cv-00720-AKK** |
| **NEIL TAYLOR, ET AL.,** ) ) | |
| **Defendants.** ) ) | |

## MEMORANDUM OPINION

The United States filed this lawsuit against Neil Taylor (individually and as the executor of the Estate of Haffred Neil Taylor), Lanette Taylor, Nancilu Underwood, C. Wilbur Underwood, and Laura Stewart to reduce to judgment the federal income and employment tax liabilities of Neil Taylor and to foreclose federal tax liens which have attached to two real properties in which Neil Taylor holds an interest. Doc. 1. The United States has reached stipulations regarding the property interests of Lanette Taylor, the Underwoods, and Stewart. Docs. 24, 28, 30. Presently before the court is the United States' motion for summary judgment against Neil Taylor. Doc.

34. As of the date of this order, Neil Taylor has not filed a response to the motion. For the reasons below, the motion is due to be granted.

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id.* at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. FACTUAL BACKGROUND[1]

Taylor is an attorney and owner of a law firm employing several employees in Russellville, Alabama. Docs. 34-1 at 6; 35 at 1, 4. For the taxable years 2007 through 2014, Taylor owes $216,158.15, as of March 15, 2019, for unpaid income taxes, penalties, and interest. Docs. 34-1 at 2-6; 34-2 ; 35 at 1-6. In addition, for the years 2008 through 2016, Taylor owes $166,041.57, as of March 15, 2019, for unpaid employment taxes, penalties, and interest. Doc. 34-1 at 8; 34-4; 34-5; 34-6; 34-7; 35 at 6-9. During this period, the Department of Treasury issued several Notices of Federal Tax Lien, which it recorded in the Office of the Judge of Probate of Franklin County, Alabama. The liens notified Taylor of his tax liabilities, the United States' demand for payment, and that "there is a lien in favor of the United States on all property and rights to property belong[ing] to [Taylor] for the amount of these taxes," plus penalties, interest, and costs. Docs. 34-9 and

---

[1] The United States contends that Taylor failed to respond to their Request for Admissions issued on November 5, 2018. Doc. 34-18. Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." In light of Taylor's failure to object to these request for admissions, the United States is correct that Taylor has admitted to "fil[ing] a return with the IRS concerning each of the income and federal employment tax years at issue" and "did not pay in full the tax liability that he reported on those return." Doc. 35 at 14-15.

34-10. The United States subsequently filed this suit to reduce to judgement Taylor's liability and to foreclose its liens on two parcels of real property in which Taylor has an interest. Doc. 1. *See also* 26 U.S.C. § 7401.

**III. ANALYSIS**

Pursuant to the Internal Revenue Code, "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. In light of Taylor's failure to respond to the United States' motion, the court reviews whether the United States is entitled to reduce to judgement Taylor's tax liabilities and permit federal tax lien foreclosure against Taylor's property.

### A. Whether the United States May Reduce Taylor's Tax Assessments to Judgement

"In reducing [a tax] assessment to judgment, the Government must first prove that the assessment was properly made." *United States v. Korman*, 388 Fed. Appx. 914, 915 (11th Cir. 2010) (per curiam) (internal quotation marks omitted). "An 'assessment' amounts to an IRS

determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Without a "finding that the computational methods used and . . . the assessment was arbitrary and without foundation," the tax payer's "tax deficiency is presumptively correct." *Olster v. Comm'r of Internal Revenue Serv.,* 751 F.2d 1168, 1174 (11th Cir. 1985) (internal punctuation omitted). Although the IRS has an ongoing obligation to "make the inquiries, determinations, and assessments of all taxes . . . which have not been duly paid," 26 U.S.C. § 6201(a), the "taxpayer has the burden of proving that the [tax assessment] computational method used is arbitrary and without foundation." *Olster,* 751 F.2d at 1174 (citing *Mersel v. United States*, 420 F.2d 517 (5th Cir. 1970)).

The United States has satisfied its burden of providing evidence demonstrating all of the tax penalties and interest assessed against Taylor through the declaration of K. Cole, Forms 4340,[2] and the Notices of Federal

---

[2] Certified copies of Form 4340 "establish the fact of assessment and carry with them a presumption of validity and that the assessments they reflect were properly made." (continued...)

Tax Liens that it filed against Taylor. *See* docs. 34-1, 34-2, 34-4, 34-5, 34-6, 34-7, 34-8, 34-9, 34-10, 37-1, 37-2; *see also* 26 U.S.C. § 7491(c) (stating that the United States initially has "the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by [the tax code]"). The declaration establishes, in part, that as of March 15, 2019, Taylor owes $216,158.15 for unpaid income taxes, penalties, and interest and $166,041.57 for unpaid employment taxes, penalties, and interest. Doc. 34-1 at 2-6, 8. Cole based these amounts on certified copies of the Department of Treasury Account Transcript, i.e. Form 4340, of Taylor's employment and income tax returns, which show Taylor's "assessed penalties for failing to pre-pay taxes, filing delinquent tax returns, and making late payments, as well as the interest charged for late payments." *United States v. Trevitt*, 196 F. Supp. 3d 1366, 1379 (M.D. Ga. 2016). Based on these submissions, the United States "has clearly met its burden of production regarding the tax

---

(… continued)

*United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006) (citing *Roberts v. C.I.R.*, 329 F.3d 1224, 1227 (11th Cir.2003)). These forms are essentially a transcript and record "setting forth taxpayer's name, date of assessment, character of liability assessed, taxable period, and amounts assessed." *Roberts,* 329 F.3d 1228 (citing 26 C.F.R. § 301.6203-1).

penalties and interest assessed for each year." *Trevitt*, 196 F. Supp. 3d at 1379.

The burden therefore shifts to Taylor to prove the documents' inaccuracy, or "that the [tax assessment] computational method used is arbitrary and without foundation." *Olster,* 751 F.2d at 1174. As stated previously, Taylor opted to ignore the United States' motion. Consequently, Taylor has failed to meet his burden, and the court accepts the United States' submissions as presumptive proof of Taylor's tax liability. *See Korman*, 388 F. App'x at 915 (affirming "the presumption that the assessment was proper" because the tax payer failed to dispute the accuracy of the assessments, provided no evidence, and only offered "erroneous, unsupported, or irrelevant arguments").

### B. Whether the United States May Foreclose its Tax Liens on Taylor's Properties

Based on Taylor's tax liability assessments, the United States moves to foreclose its tax liens on two of Taylor's real properties—(1) 105A Jackson Avenue, Russellville, Alabama 35653 ("Office Property") and (2) 959 Shady Grove Road, Phil Campbell, Alabama 35581 ("Shady Grove Property"). Doc. 35 at 16. "Whether the interests of [Taylor] in the propert[ies]" constitutes "'property and rights to property' for the purposes

of the federal tax lien statute, 26 U.S.C. § 6321, is ultimately a question of federal law." *United States v. Craft*, 535 U.S. 274, 278 (2002). But, because the "federal tax lien statute itself creates no property rights but merely attaches consequences, federally defined, to rights created under state law," *United States v. Bess,* 357 U.S. 51, 55 (1958), the "answer to this federal question, however, largely depends upon state law." *Craft*, 535 U.S. at 278. Accordingly, the court applies Alabama law to determine Taylor's property interests and then federal law to determine whether these interests are "property and rights to property" for the purposes of the federal tax lien statute. *See Aquilino v. United States,* 363 U.S. 509, 513–14 (1960).

*i. Office Property in Russellville, Alabama*

The Underwoods sold and conveyed the Office Property to Taylor and his wife, Lanette Taylor, "for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion." Docs. 34-12 at 2, 3; 34-13; 28. Under Alabama law, this language is a "clear expression of intent to create a joint tenancy with a right of survivorship that fulfilled the unities of interest, title, and possession" and creates "a joint tenancy with a right of survivorship." *Ex Parte Arvest Bank,* 219 So. 3d 620, 627 (Ala. 2016). As

8

joint tenants with the right of survivorship, Lanette and Neil Taylor each "owns an undivided one-half interest [in the Office Property] for life, plus the right to own the unencumbered whole" upon the death of the other. *Owens v. Owens,* 281 Ala. 239, 243 (1967); *see also Porter v. Porter,* 472 So. 2d 630, 634 (Ala. 1985) (noting that each tenant in a joint tenancy is "seized of some equal share while at the same time each owns the whole."). Relevant here, the United States' lien "does not transfer ownership of property [to the joint tenant]; it simply gives the judgment creditor a claim against any property owned by the judgment debtor." *Ex Parte Arvest Bank*, 219 So. 3d at 628, n.6. In other words, Taylor still has an interest in the property that his creditor may seek to foreclose on.

The court must next consider how other existing liens on the Office Property compete with the United States' tax liens. "Federal tax liens do not automatically have priority over all other liens." *U.S. By & Through I.R.S. v. McDermott*, 507 U.S. 447, 449–51, (1993). Moreover, "federal law . . . determines the priority of competing liens asserted against the taxpayer's 'property' or 'rights to property.'" *Aquilino,* 363 U.S. at 513–14. And, "[a]bsent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in

right.'" *McDermott*, 507 U.S. at 449–51 (citing *United States v. New Britain*, 347 U.S. 81, 85 (1954)).

Here, The Underwoods still hold a valid mortgage on the Office Property. *See* doc. 34-14. The Underwoods and Taylor signed the Mortgage Reamortization concerning the Office Property and the probate court recorded it nearly five years before the IRS filed its first notice of Federal Tax Lien with the Judge of Probate of Franklin County, Alabama. Doc. 34-14, Doc. 34-9. Indeed, the Underwoods and the United States have stipulated and agreed that the "Underwoods' mortgage on the Office Property is superior to the income and employment tax liens of the United States of America which it seeks to foreclose of the Office Property in this case." Doc. 24.

Also, Lanette Taylor and the United States have stipulated and agreed that Lanette Taylor "owns a 50 percent interest" in the Office Property and that she is "entitled to 50 percent of the sale proceeds of the foreclosure sale," after cost reimbursement to the United States and satisfaction of the Underwoods' mortgage. Doc. 28. Therefore, in light of Taylor's joint tenant interests in the Office Property, and subject to the Underwoods' mortgage lien, the United States is entitled to summary judgement on its

liens attached to Taylor's fifty percent interest in the Office Property and the sale of this interest to satisfy Taylor's unpaid federal tax liabilities. *See* 26 U.S.C. § 7403(c).

### *ii. Shady Grove Property in Phil Campbell, Alabama*

The United States also seeks to foreclose its lien on Taylor's property interest in the Shady Grove Property, which belonged to his late father's estate. *See* doc. 34-15 (conveyance of the property to Haffred Taylor by deed in lieu of foreclosure, which is "an instrument [that] transfers to the mortgagee all right, title, and interest of the mortgagor in the mortgaged property . . . " *Beasley v. Mellon Fin. Servs. Corp.*, 569 So. 2d 389, 393 (Ala. 1990) (citing Ala. Code 1975, § 35–10–51(1))). The Last Will and Testament of Haffred Taylor, which on Taylor's petition the probate judge of Franklin County, Alabama ordered to admit, docs. 34-17 at 13 and 34-16 at 4-8, gives Laura Stewart a "four tenths interest [40% interest]" and Neil Taylor a "six tenths interest [60 % interest]" in Haffred Taylor's property interests, doc. 34-16 at 2-4. Therefore, the court finds that Neil Taylor owns 60% interest of the Shady Grove Property and that Stewart owns the rest. Doc. 34-15 at 3. Indeed, Stewart and the United States have stipulated and agreed that Stewart owns a "40 percent interest in the Shady Grove

Property" and is entitled to a corresponding share of the sale proceeds of the foreclosure sale, if any. Doc. 30. And, because Taylor has the right to receive sixty percent of his father's estate, this "right to receive property is itself a property right" subject to an IRS notice of levy and federal tax lien. *Drye*, 528 U.S. at 61 (citing *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985)). Accordingly, the United States is entitled to summary judgement on its liens attached to Taylor's sixty percent interest in the Shady Grove Property and the sale of this interest to satisfy Taylor's unpaid federal income and employment tax liabilities. *See* 26 U.S.C. § 7403(c).

### C. Whether Third Party and Competing Interests Exist

The United States filed its initial notice of lien against Taylor with the Franklin County, Alabama Probate Court on February 8, 2012. Doc. 34-1 at 8; 34-9 at 2. "Upon filing the notices of lien, the lien was perfected against all third-party claims that did not have a prior perfected lien." *United States v. Xiulu Ruan,* No. CR 15-0088-CG-B, 2018 WL 6055509, at *2 (S.D. Ala. Nov. 19, 2018). Outside of the Underwoods' mortgage on the Office Property, nothing in the record indicates that other third parties or competing interests preclude priority of the United States' federal tax lien against

Taylor. *Atlantic States Construction, Inc. v. Hand, Arendall, Bedsole, Greaves and Johnston,* 892 F.2d 1530, 1534 (11th Cir. 1990) (noting that two basic principles govern the adjudication of priority of competing liens: (i) "the first in time is the first in right"; and (ii) a federal tax lien is superior to a nonfederal lien that is inchoate.). Where, as here, there are no competing liens in the record, "several courts have been unwilling to require the United States to marshal assets for the benefit of junior lienholders when it is seeking to enforce a federal tax lien." *United States v. Urioste*, No. 4:15-CV-1787-VEH, 2017 WL 117760, at *11 (N.D. Ala. Jan. 12, 2017); *see also United States v. Cohen,* 271 F. Supp. 709, 718 (S.D. Fla. 1967) ("The Court's usual equity powers are said to be limited by the special statutory provisions of § 6325 regarding discharge of tax liens, which provisions make no mention of discharge by marshaling other assets of the taxpayer."). Based on the record, there are no reasons present to prevent the United States from enforcing its lien against Taylor.[3] *See United States v. Adent*, 821 F.3d 911, 915 (7th Cir. 2016) ("The Supreme Court indicated that a

---

[3] "26 U.S.C. § 6323 . . . provide[s] for subordination of federal tax liens with respect to certain state lien interests regardless of the choateness doctrine." *Aetna Insurance Co. v. Texas Thermal Industries, Inc.*, 591 F.2d 1035, 1038 (5th Cir. 1979). To the extent that any of those exceptions are applicable here, Taylor has failed to raise them, and nothing in the record indicates that any such state liens exist.

district court has no discretion to deny a forced sale when no innocent third-party interests are at issue.").

## IV. CONCLUSION

For the reasons explained above, the United States' motion for summary judgment, doc. 34, is due to be granted. The court will enter a separate order dismissing this case.

**DONE** the 17th day of May, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE